## THE STATE v. DURSTON.

1. **Criminal Law**: EXCESSIVE SENTENCE: PRACTICE IN THE SUPREME COURT. Where the record in a criminal case contains none of the testimony, the Supreme Court cannot consider the question as to whether or not the sentence imposed by the court below is excessive.

*Appeal from Buchanan District Court.*

FRIDAY, DECEMBER 12.

INDICTMENT charging the defendant in one count with having forged a promissory note for eighteen dollars, and in

another with altering the same note. There was a verdict of guilty on both counts and judgment imprisoning the defendant in the penitentiary at hard labor for the term of ten years. Defendant appeals.

*D. W. Bruckart*, for appellant.

*J. F. McJunkin*, Attorney General, for the State.

SEEVERS, J.—The record before us contains only the indictment, verdict of the jury, and judgment. The only error complained of is the judgment, which it is said is clearly excesssive. It occurs to us quite forcibly the punishment inflicted may have been excessive; but we cannot interfere because the evidence on which the court below acted is not before us. It is impossible, therefore, to say that the discretion reposed in that court by the statute has been abused.

> 1. CRIMINAL LAW: excessive sentence: practice in the supreme court.

It is urged that the evidence could not be obtained or certified; but we think this must be a mistake. The statute provides that a short-hand reporter shall be appointed for the " purpose of recording the oral testimony of witnesses in criminal cases." Code, section 181. It must be presumed this was done in the absence of any showing to the contrary. It must be further presumed that the trial judge would have signed a skeleton bill of exceptions which would have sufficiently contained the evidence if he had been asked at the time judgment was pronounced. The time required to prepare such a bill would have been so short that it undoubtedly would have been given.

AFFIRMED.